UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALLEN M. SCIOLI,

        Plaintiff,

                                        Case Number 06-10763-BC

v.                                         Honorable Thomas L. Ludington

HENRY M. PAULSON, JR., Secretary
of the Treasury,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SANCTIONS

        On March 17, 2006, Plaintiff Allen Scioli filed a complaint against Defendant Secretary of the Treasury, alleging gender discrimination under Title VII during Plaintiff's employment with the Internal Revenue Service (IRS). Because the parties could not timely resolve the issue of taking Plaintiff's deposition before the dispositive motion filing deadline and before the hearing on December 6, 2006, the Court held an additional hearing on Defendant's motion for summary judgment under Federal Rule of Civil Procedure 56(c) on March 14, 2007.

        Plaintiff began his work for the IRS in 1997 and transferred to its Saginaw office as a tax resolution representative in 2001. His manager, Mary Ruppel, and her two managers, Wanda Carey and Sharon Oliver, were women. Plaintiff alleges that Ruppel made several discriminatory comments regarding his gender, including that she found it hard to trust male employees, that he did not receive independent work assignments, and that he received improper negative performance ratings.

On February 21, 2002, Plaintiff interviewed for a tax compliance officer (TCO) position. He was selected for the position on April 24, 2002. He states that, two days later, Ruppel informed him that Carey would not release him to that position, because Ruppel requested an investigation into whether Plaintiff had misused a government credit card. That investigation resulted in a recommendation of his discharge.[1] Plaintiff also initiated a grievance on December 3, 2002, which resulted in the reduction of the proposed discharge to a suspension. Prior to the conclusion of the grievance process, he was selected for the TCO position. Subsequently, as a result of pursuing his grievance with union assistance, he secured a different IRS position in Lansing, from which he resigned in July 2004.

Plaintiff separately alerted his union representative about the allegedly discriminatory behavior in April 2002. His union representative later explained how the union could assist him but explained that he would have to pursue concerns regarding alleged gender discrimination with the EEOC. According to the union representative, their conversation on April 15, 2002, went as follows:

> [Plaintiff] discussed briefly the [Equal Employment Opportunity (EEO)] process regarding his alleged discrimination. He stated that he did not want to upset anyone by filing an EEO complaint and I told him that if he thought he was being discriminated against then he should file an EEO complaint. [Plaintiff] stated that he did not want to but I told him that he could not have it both ways. Meaning, he should not complain about it if he would not bring it forward. He stated that he feared retaliation. He stated that he would think about it.

Pl. Supp'l. Re. Br., Ex. 4, pp. 1-2.

---

[1] Notably, similar investigations regarding government credit card use were commenced involving other employees. One such employee, a woman, was removed from her position.

On July 3, 2002, Ruppel concluded her employment with the IRS. As stated in an affidavit by an EEO specialist, Plaintiff made his initial contact with the EEO office on August 20, 2002.

On March 17, 2006, Plaintiff filed an amended complaint to initiate this litigation. He asserts claims of a hostile work environment sexual and retaliation for making such claims under 42 U.S.C. §§ 2000e *et seq*. On May 5, 2006, Defendant filed an answer, including as an affirmative defense that "Plaintiff is limited to allegations of discrimination that were timely raised in EEO counseling." Dft. Ans., p. 8. On October 16, 2006, Defendant filed a motion for summary judgment and, subsequently, filed a motion for sanctions. On December 6, 2006, the Court held a hearing on those motions. Two days later, an order issued, taking the matter under advisement in order to permit the deposition of Plaintiff and permitting Defendant to renew his motion for summary judgment. On March 14, 2007, the Court held an additional hearing on Defendant's supplemented motion for summary judgment after the deposition of Plaintiff.

Under Federal Rule of Civil Procedure 56(c), a court must review "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to conclude that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Regardless of whether Plaintiff can make out his claims of employment discrimination based on gender, either with direct evidence or via the analysis of *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973), Plaintiff must timely pursue his allegations. *See Johnson v. University of*

*Cincinnati*, 215 F.3d 561, 572-573 (6th Cir. 2000). Claims of employment discrimination under Title VII against private entities must be filed with the Equal Employment Opportunity (EEOC) within 180 days. *See* 29 C.F.R. § 1601.13(a). Yet certain federal employees face a different limitation period and obligation. 29 C.F.R. § 1614.105(a)(1) provides:

> (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

Through 29 C.F.R. § 1614.103(b), the above regulation applies this 45-day limitation to government executive agencies, which includes employees of the IRS. *See Burzynski v. Cohen*, 264 F.3d 611, 617 (6th Cir. 2001) (barring, under 29 C.F.R. § 1614.105(a)(1), consideration of alleged discrimination that occurred four months to one year before a federal employee's meeting with an EEO counselor).

Despite this regulatory bar, an ongoing, continuous series of discriminatory acts may all be challenged under the "continuing violation exception," if any one of those acts falls within the limitations period. *Haithcock v. Frank*, 958 F.3d 671, 677 (6th Cir. 1992). To meet this exception, the ongoing violation must either involve present individual acts of discrimination or a longstanding and demonstrable policy of discrimination. *Id.* at 768. *See also Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997) ("[Under the continuing violation exception to EEOC filing deadlines,] a plaintiff who files a timely EEOC charge about a particular discriminatory act committed in furtherance of an ongoing policy of discrimination extends the limitations period for all claims of discriminatory acts committed under that policy even if those acts, standing alone,

would have been barred by the statute of limitations.") (citation omitted).[2]

Additionally, equitable tolling of the limitation period could operate to render Plaintiff's contact with the EEO timely. *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003). In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), the Supreme Court stated that equitable tolling is permitted in Title VII cases only sparingly. (Citation omitted); *see also Graham-Humphreys v. Memphis Brooks Museum of* Art, 209 F.3d 552, 560-561 (6th Cir. 2001) ("Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."); *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989) ("Equitable tolling . . . is available only in compelling circumstances which justify a departure from established procedures."). Under *Morgan*, 536 U.S. at 122, at least one act of alleged discrimination must fall within requisite time period. Five factors apply to the consideration of equitable tolling: "(1) whether the plaintiff had actual notice of the time restraint; (2) whether [he] had constructive notice of the time restraint; (3) the degree of diligence exerted in pursuing [his] rights; (4) the degree of prejudice to the defendant; and (5) the reasonableness of plaintiff's ignorance of the time constraint." *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003) (citations omitted). But these factors are non-exclusive and require case-by-case application. *Id.* (citation omitted); *see also Dixon v. Gonzales*, Case No. 05-2216, ___ F.3d ___; 2007 WL 750532, *4 (6th Cir. Mar. 14, 2007).

---

[2]Further, "[d]iscrete incidents of discrimination that are unrelated to an identifiable policy or practice, on the other hand, will not ordinarily amount to a continuing violation, unless such incidents are specifically related and are allowed to continue unremedied for so long as to amount to a discriminatory policy or practice." *Id*. (citations and internal quotations omitted).

Plaintiff first contacted the EEOC office on August 20, 2002. He spoke with a counselor on August 21, 2002. Because Plaintiff is a federal employee within 29 C.F.R. § 1614.103(b), he had an obligation to report any allegedly discriminatory actions by Defendant within 45 days of their occurrence, under 29 C.F.R. § 1614.105(a)(1). Treating August 20, 2002 as the operative regulatory deadline, the allegedly discriminatory conduct must have occurred on or after July 7, 2002. Ruppel left her position with the IRS on July 3, 2002. Plaintiff, thus, failed to report any allegedly discriminatory actions by Ruppel within 45 days of their occurrence. Indeed, Ruppel's conduct is central to Plaintiff's allegations, but given the timing of Plaintiff's reporting, her tenure with the IRS concluded before the regulatory 45-day time period commenced. To reiterate, each of the other alleged incidents of purported discrimination center around events occurring sometime prior to April 15, 2002, when he contacted his union representative regarding alleged harassment. Consequently, any allegation of inappropriate conduct by managers other than Ruppel were also not timely pursued by notifying an EEO counselor.

Plaintiff suggests that the ongoing violation exception could render his notice to an EEO counselor timely. That exception applies only if one of the alleged actions falls within the limitation period or if a plaintiff has shown an over-arching policy of discrimination. The Court has scrupulously examined the discovery for any allegations of discriminatory conduct within this period of time. As a result, this first exception to the general rule does not apply. Next, Plaintiff has made no showing of a longstanding policy of discrimination, relying largely on his individual experiences. Consequently, the continuous violation exception does not operate to render Plaintiff's complaint timely.

Finally, Plaintiff has not met the bar to receive the benefit of equitable tolling, which courts must use sparingly. Plaintiff has identified no circumstances beyond his control. He alerted his union representative to the alleged discrimination in March 2002, who urged him to act on his accusations, but he nevertheless waited to notify the EEOC until August 20, 2002. Moreover, he was on constructive notice of the 45-day limitation period, due to the poster describing that fact in his workplace, as demonstrated by the affidavits of two employees. More significantly, as earlier indicated, a union representative advised him, in March 2002, of that he should contact the EEOC if he wished to pursue his concerns. Thus, equitable tolling cannot salvage Plaintiff's late contact to the EEOC. By failing to meet the 45-day limitations period, a prerequisite to filing suit, Plaintiff's claims here are time-barred. Accordingly, summary judgment is warranted.

Finally, the Court concludes that the sanctions requested by Defendant are not warranted under Federal Rule of Civil Procedure 37(b). The parties can document challenges in the discovery process, via extended correspondence involving, *inter alia*, the difficulty in securing Plaintiff's deposition. Yet Defendant has not demonstrated that Plaintiff's actions violated a prior court order. *See Polanski v. Detroit Police, 15th Precinct*, 798 F.2d 470, *5 (6th Cir. 1986) (unpublished); *see also Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994); 7 Moore's Federal Practice 3d § 37.42[1] (2006). Accordingly, the Court declines to impose the sanctions on Plaintiff requested by Defendant.

Accordingly, it is **ORDERED** that Defendant's motion for summary judgment [dkt #15] is **GRANTED**.

It is further **ORDERED** that Defendant's motion for sanctions [dkt #20] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 20, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 20, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS

---